IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES CALVIN FRAZIER, ) | |
| AIS # 177281, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:09cv1167-TMH |
| ) | (WO) |
| ) | |
| J.C. GILES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by James Calvin Frazier ("Frazier"), a state inmate, on December 15, 2009.[1] In this petition, Frazier challenges his conviction for manslaughter and the resulting sentence entered against him on December 11, 2002, in case number CC-01-45.60 by the Circuit Court of Chilton County, Alabama.[2] Frazier did not appeal his conviction and therefore the conviction became final by operation of law on January 22, 2003.

---

[1] Although the habeas petition was date-stamped "received" in this court on December 28, 2009, it was signed by Frazier on December 15, 2009. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing, presumptively the date it is signed by the petitioner. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

[2] The trial court sentenced Frazier as a habitual offender to 20 years in prison, split to serve 48 months of incarceration to be followed by 60 months of probation. Frazier's probation was revoked by the trial court in May 2006. *See* Resp'ts' Ex. G. He is currently incarcerated under the 2002 sentence.

Pursuant to the orders of this court, the respondents filed an answer in which they argue the instant federal habeas petition is barred by the one-year period of limitation applicable to 28 U.S.C. § 2254 petitions. 28 U.S.C. § 2244(d)(1).[3] The respondents contend that because Frazier's manslaughter conviction became final in January 2003 – after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 – Frazier was required to file his § 2254 petition within a year of the conviction becoming final, exclusive of the time that any properly filed state post-conviction action related to the convictions remained pending in the state courts.

The respondents acknowledge that Frazier filed a state post-conviction petition pursuant to Ala. R. Crim. P. 32 in July 2007. However, the respondents maintain that any proceedings on that Rule 32 petition had no tolling effect on the limitation period for the filing of Frazier's federal petition because the Rule 32 petition was filed well after the federal limitation period had expired. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period

---

[3] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

Based on the foregoing, this court entered an order advising Frazier that he failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). Doc. No. 7. This order also provided Frazier an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely filed. *Id.* at 5. In response, Frazier asserts that he is entitled to equitable tolling because he was unable to obtain the trial transcript and other court records from the state court or his lawyer between January 23, 2003, and August 23, 2004. Doc. No. 8 at 6.

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines no evidentiary hearing is required, *see* Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes the present habeas petition should be denied because Frazier failed to file the petition within the applicable one-year period of limitation.

## II. DISCUSSION

### A. The Federal Period of Limitation

The Antiterrorism and Effective Death Penalty Act of 1996 became effective on April

24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254.  This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later.  Where a petitioner preserves his right to file a

petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

On November 15, 2002, Frazier was convicted of manslaughter following entry of a guilty plea before the Circuit Court of Chilton County, Alabama. Doc. No. 6, Resp'ts' Ex. A. The state court imposed sentence on December 11, 2002. *Id.* Frazier did not appeal from the conviction or sentence. Accordingly, the judgment of conviction became final – and the one-year limitation period for federal habeas corpus review began to run – 42 days after December 11, 2002, *i.e.*, on January 22, 2003. *See* Ala. R. App. P. 4(b)(1); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002). Frazier had one year from that date, or until January 22, 2004, to file a timely federal habeas petition.[4] However, he did not file the instant habeas petition until December 15, 2009, well over five years after the federal

---

[4] In his response, Frazier argues that the time for filing his habeas petition has not begun running because his guilty plea was involuntarily entered and therefore "void." Frazier's contention is a challenge to his conviction in state court. Consequently, Frazier had one year from the date his conviction became final to file his federal habeas petition.

limitation period had expired.[5]

### B.  Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  In July 2007, Frazier filed a state post-conviction petition challenging his manslaughter conviction in the trial court; that petition was litigated in the state courts until May 2009.  *See* Doc. No. 6, Resp'ts' Ex. A. at C. 1-2; Exs. B-F.  However, the federal limitation period had expired long before Frazier filed the Rule 32 petition.  Thus, his filing of the Rule 32 petition had no tolling effect on the federal limitation period, as there was no remaining period to be tolled.  "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."  *Webster*, 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335 n.4.  Thus, Frazier is not entitled to statutory tolling of the limitation period.

### C.  Equitable Tolling

Case law directs that the limitation period "may be equitably tolled" on grounds apart

---

[5] In computing the federal period of limitation, "exclude the day of the event that triggers the period[.]" Fed. R. Civ. P. 6(a)(1)(A).

from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir. 1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Sec'y for the Dep't of Corr.*, 259 F.3d 1310, 1313-14 (11th Cir. 2001).

Frazier asserts that the limitation period should be equitably tolled because both his attorney and the Chilton County Circuit Court failed to provide him with a trial transcript which he needed to file his state post-conviction petition. Under the circumstances of this case, the court finds that such action does not warrant equitable tolling because Frazier has failed to show that the delay in filing his petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. The record in this case establishes that Frazier participated in the guilty plea and sentencing proceedings from which his habeas claims arise. He therefore had either actual or constructive knowledge of the

factual basis for each of the claims presented to this court challenging the manslaughter conviction and, therefore, could have presented his claims to the state court in a timely filed state post-conviction petition without access to any other information. *See Powe v. Culliver*, 205 F. App'x 729, 735 (11th Cir. 2006) (determining petitioner failed to exercise due diligence required for equitable tolling of filing period where petitioner could have filed his post-conviction petition without a transcript). Moreover, Frazier could have filed a his Rule 32 petition in state court without his trial transcript. In Alabama, a petitioner is not required to attach a trial transcript to his state post-conviction petition. *Id.*, 205 F. App'x at 735 (noting that, although the form used to file a Rule 32 petition in an Alabama court contains instructions requiring the petitioner to "be as specific as possible as to the facts," the detailed instructions do not require a petitioner to attach a trial transcript). This court therefore concludes that Frazier has failed to demonstrate any extraordinary circumstances that were both beyond his control and unavoidable with diligence which prevented him from filing his petition in a timely manner.

### D.  Expiration of the Limitation Period

Based on the foregoing analyses, the court concludes that Frazier has failed to present any credible basis for either statutory or equitable tolling of the one-year federal period of limitation. The limitation period therefore began to run on January 22, 2003, and ran uninterrupted without either statutory or equitable tolling until its expiration on January 22, 2004. Frazier filed the instant petition for federal habeas relief on December 15, 2009, five

years after expiration of the federal limitation period. Frazier has failed to demonstrate that this federal habeas petition should not be dismissed as untimely filed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas relief filed by James Calvin Frazier on December 15, 2009, be DENIED as it was not filed within the one-year period of limitation mandated by 28 U.S.C. § 2244(d)(1).

2. This case be DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before February 1, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 18th day of January, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE